## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ELLA KENNEDY**
**6025 W. 123rd Street**
**Overland Park, KS 66209,**

                              **Plaintiff,**

    **vs.**

**BERKLEY INSURANCE COMPANY**
**475 Steamboat Road**
**Greenwich CT 06830,**

                            **Defendant.**

**Case No. _____**

## COMPLAINT

1.      This case arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., all as amended.

2.      Plaintiff Ella Kennedy is a female citizen of the State of Kansas.

3.      The name on plaintiff's 2020 W-2 is Berkley Insurance Company / Intrepid Direct Ins., with an address of 475 Steamboat Road, Greenwich CT 06830.

4.      Defendant Berkley Insurance Company ("Berkley" or "Defendant") is a Delaware corporation with its principal place of business at 475 Steamboat Road, Greenwich CT 06830.

5.      Defendant is a subsidiary of W.R. Berkley, which is a publicly traded insurance holding company (NYSE symbol WRB).

6.      On information and belief, Intrepid Direct Ins. is and was an operating unit of Defendant.

7.      In 2018, Plaintiff began working for Defendant in Overland Park, Kansas.

8.      Throughout plaintiff's employment, Defendant was an "employer" within the meaning of Title VII, the ADA, and the FMLA.

9.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

10.     This Court has personal jurisdiction over the parties.

11.     Venue is proper in this Court.

12.     Plaintiff initially worked for Defendant as a contract employee.

13.     In April 2019, Defendant hired Plaintiff as a direct employee at a salary that was substantially lower than her hourly rate.

14.     In or around September 2019, Defendant converted a male employee in the same office from contract to regular status.

15.     When Defendant converted the male employee from contract to regular status, it paid him a salary that was significantly more than plaintiff and/or much closer to his hourly rate.

16.     Plaintiff's job title between April 2019 and October 2019 was Senior Solution Architect.

17.     Plaintiff's supervisor at that time was Chief Information Officer Jeremy Marsh.

18.     Mr. Marsh told Plaintiff that her career path was toward becoming a Vice President.

19.    In or around October 2019 Defendant promoted Plaintiff to Director of Business Solutions

20.    Defendant did not give Plaintiff a pay raise in connection with that promotion.

21.    Defendant gave pay raises to male employees who were promoted around the same time.

22.    In May 2020, Defendant reassigned Plaintiff from Mr. Marsh to Dustin Turner.

23.    In June 2020, Plaintiff informed Defendant that she needed medical leave.

24.    Plaintiff needed medical leave as a reasonable accommodation for a mobility disability.

25.    Plaintiff was entitled to medical leave as a reasonable accommodation for her disability within the meaning of the ADA.

26.    Plaintiff also was entitled to medical leave pursuant to the FMLA.

27.    Plaintiff was supposed to be on medical leave for 12 weeks but she returned early because Mr. Turner was unhappy with her absence.

28.    When Plaintiff returned to work in mid-August 2020, Mr. Turner was distant and he showed favoritism toward male employees and/or employees who had not requested reasonable accommodation or taken medical leave.

29.    Throughout the remainder of 2020 and continuing into 2021, Mr. Turner was unsupportive of Plaintiff., he refused to give Plaintiff direction, and he repeatedly refused to meet or speak with Plaintiff.

30.     On January 22, 2021, Defendant terminated plaintiff because of her gender and/or because of her disability and/or because she had requested reasonable accommodation and/or because she had taken FMLA leave.

31.     Instead of considering Plaintiff for another position or keeping her on while she looked for another job, as it had done for male employees and/or employees who had not requested reasonable accommodation or taken FMLA leave, Defendant summarily terminated Plaintiff and gave her a separation agreement containing a pre-emptive waiver of claims.

32.     Plaintiff refused to sign the separation agreement and waive her rights under federal employment discrimination law.

33.     On February 11, 2021, plaintiff filed a charge of discrimination with the EEOC.

34.     On October 13, 2021, the EEOC issued its right-to-sue notice to plaintiff.

35.     Plaintiff timely filed her charge of discrimination with the EEOC and exhausted all administrative prerequisites to filing this lawsuit.

## COUNT I – SEX/GENDER DISCRIMINATION

36.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this complaint.

37.     Plaintiff's sex/gender was a motivating factor in:

  a.  Defendant's discriminatory decisions to pay Plaintiff a lower salary and deny/delay her pay increases; and/or

  b.  Defendant's discriminatory decision to terminate Plaintiff; and/or

c. Defendant's discriminatory failure to consider Plaintiff for another position or allow her to remain employed while she looked for another job as it had done for male employees.

38. In each of the foregoing respects, Defendant violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964.

39. As a direct result of each such violation of her civil rights, Plaintiff sustained actual damage, including lost income and benefits, emotional distress, and humiliation.

40. Each such violation of Plaintiff's civil rights was sufficiently culpable to warrant an award of punitive damages in that Defendant acted with malice or reckless indifference to Plaintiff's civil rights.

## COUNT II – DISABILITY DISCRIMINATION AND RETALIATION

41. Plaintiff hereby incorporates by reference the foregoing paragraphs of this complaint.

42. Plaintiff had a disability within the meaning of the Americans with Disabilities Act in that she had a physical impairment that substantially limited one or more major life activities and/or because Defendant perceived her as having such an impairment.

43. Plaintiff needed reasonable accommodation in the form of medical leave because of her disability.

44. Plaintiff's request and need for reasonable accommodation was protected activity within the meaning of the ADA.

45.     Defendant discriminated and/or retaliated against Plaintiff by creating a hostile work environment after she returned from medical leave and ultimately terminating her because of her disability and/or her request and need for reasonable accommodation.

46.     In each of the foregoing respects, Defendant violated Plaintiff's civil rights under the ADA.

47.     As a direct result of each such violation of her civil rights, Plaintiff sustained actual damage, including lost income and benefits, emotional distress, and humiliation.

48.     Each such violation of Plaintiff's civil rights was sufficiently culpable to warrant an award of punitive damages in that Defendant acted with malice or reckless indifference to Plaintiff's civil rights.

## COUNT III – FMLA DISCRIMINATION AND RETALIATION

49.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this complaint.

50.     Defendant discriminated and/or retaliated against Plaintiff, and thereby violated her rights under the FMA, by:

   a.  Creating a hostile work environment after she returned from medical leave and ultimately terminating her because of her need for and use of FMLA leave; and/or

   b.  Refusing to consider Plaintiff for another position or allow her to remain employed while she looked for another job as it had done for other employees.

51.     As a direct result of each such violation of her civil rights under the FMLA, Plaintiff sustained actual damage in the form of lost income and benefits.

52.     Each such violation of Plaintiff's civil rights was willful within the meaning of the FMLA and warrants an award of liquidated damages in an amount equal to her lost wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks entry of judgment against Defendant on each of her claims herein, together with an award of actual damages and punitive damages with respect to her Title VII and ADA claims, lost wages/benefits and liquidated damages with respect to her FMLA claim, appropriate equitable relief, attorney fees, costs, expenses, and such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on every issue so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the place of trial as Kansas City, Kansas.

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

By  /s/ *Larry M. Schumaker*
        Larry M. Schumaker        D. Kan. #70450

800 E. 101st Terrace, Suite 350
Kansas City, Missouri 64131
Telephone:     816.941.9994
Facsimile:     816.817.2350
E-mail:         lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF